BRONSON LAW OFFICES, P.C.
*COUNSEL FOR THE DEBTOR*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530
H. Bruce Bronson
hbbronson@bronsonlaw.net

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:

      KIMBERLY A. LYDTIN.

                             Debtor.
-------------------------------------------------------------x

Case No. 24-45076-jmm

Chapter 11

## OBJECTION TO MOTION FOR RELIEF FROM STAY

Kimberly A. Lydtin, (the "Debtor"), by her attorneys, as and for her objection to the Motion for Relief from the Automatic Stay [ECF Doc. 17] filed by Selene Finance LP, as Attorney in Fact for U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Owner Trustee for RCF2 Acquisition Trust. as ("Movant") with respect to 14408 Gravett Rd., Flushing, NY 11367 (the "Property"), in support thereof, respectfully sets forth and represents:

    1.      The Debtor lives at the Property with her elderly father.

    2.      The Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on December 3, 2024 (the "Filing Date") and an Order for Relief was entered thereupon.

    3.      The Debtor has made all post-petition mortgage payments.

4.      On February 10, 2025, Movant filed a motion seeking relief from the automatic stay. On the same date the Debtor filed a request to participate in Loss Mitigation.

5.      The motion fails to establish cause under 11 U.S.C.§362 to lift the stay.

6.      The motion claims that Movant is not adequately protected. However, by its own admission Movant's total claim is $483,232.62 and the value of the Property is $769,000 pursuant to Movant's appraisal. Therefore, Movant's interest is protected by the value of the Property.

7.      Additionally, there is no harm to Movant because the Debtor is making post-petition mortgage payments.

8.      The Debtor is participating in Loss Mitigation in good faith. The Debtor has three jobs and has sufficient income to qualify for a modification or cure her mortgage arrears in a reasonable amount of time through a chapter 11 plan.  Accordingly, there is no cause to lift the stay on the basis of adequate protection.

### MOVANT HAS NOT ESTABLISHED CAUSE TO MODIFY AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1)

The Sonnax factors are applied in the Second Circuit to determine if cause exists pursuant to 11 U.S.C. § 362(d) to lift or vacate the automatic stay. *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). The Movant's motion fails to do an analysis of the application of the Sonnax factors. If the Sonnax factors are applied they would favor the stay remaining in place because the Debtor is engaging in this Court's loss mitigation program Therefore, most of the factors including the use of judicial resources and potential for resolution of the issues favor resolution of this matter in this Bankruptcy Court.

If the Debtor is unsuccessful in obtaining a loan modification through loss mitigation, she will file a chapter 11 plan to cure the amount of arrears on Movant's claim and the Debtor will

continue to make the contractual monthly payment. There are no facts in Movant's motion that allege it will be irreparably harmed. Accordingly, the Movant's motion should be denied as it does not establish cause under the requirements of 11 U.S.C. § 362(d).

**WHEREFORE**, the Debtor respectfully requests the Court deny the motion and grant such other and further relief as the Court deems proper.

Dated: Harrison, New York  
      April 2, 2025

BRONSON LAW OFFICES, PC

By:  /s/ H. Bruce Bronson  
    H. Bruce Bronson, Esq.  
    *Attorney for Debtor*